MARES, APPELLANT, *v.* DILLON, RESPONDENT.

(No. 1,820.)

(Submitted March 2, 1904. Decided March 21, 1904.)

*Mining Claims—Action to Determine Adverse Claims—Issues —Judgment—Costs—Appeal.*

1.   Where, in an action in support of an adverse claim to a mining location, the only part of the surface of the ground of plaintiff's location affected by the suit was that part which was in conflict with the surface of defendant's location, for which a patent had been applied for, the court's jurisdiction was limited to the extent of the conflict, and hence it was error for the court to render judgment determining the validity of a portion of plaintiff's location outside of the points of conflict.
2.   Disbursements for filing an adverse claim to a mining location in the land office for surveying, the making of a plat, and for an abstract of title for use in the land office, were not taxable as costs under Code of Civil Procedure, Section 1866, authorizing taxation of disbursements for matters to be used in the trial of the cause.
3.   An appeal does not lie from an order taxing costs, but the error, if any, may be considered on appeal from the judgment.

*Appeal from District Court, Lewis and Clarke County; J. M. Clements, Judge.*

ACTION by Frank Mares against Richard Dillon. From a judgment in favor of defendant, and from an order taxing costs, plaintiff appeals. Reversed.

*Messrs. H. G. & S. H. McIntire,* for Appellant.

*Mr. T. J. Walsh,* for Respondent.

MR. COMMISSIONER CLAYBERG prepared the following opinion for the court:

Appeal from judgment and order taxing costs. Respondent (Dillon) made application to the United States land office for a patent to the Black Eagle lode claim. This application was adversed by appellant (Mares) upon his location of the Gold Hill lode claim. Appellant brought suit, in support of his adverse claim, within the time allowed by the statutes of the United States. The action was tried in the court below, and judgment was entered against respondent. At the trial evidence was introduced tending to show, and the jury found, that the discovery vein in the Gold Hill claim departed from the south side line thereof at a point about 400 feet from the southwest corner of the claim, and the court by its judgment held appellant's location valid only to the extent of 1,100 feet in length, thus cutting off 400 feet from the westerly end of the claim. From this judgment, and an order taxing costs, appellant appeals.

This is an appeal by the opposite party in the same case, this day decided by this court. (*Mares* v. *Dillon, ante,* page 117, 75 Pac. 963.) The plat brought up in the record disclosed the conflict between the Black Eagle claim and the Gold Hill claim to be very small, and the judgment of the court below found against the validity of the Black Eagle claim.

The first question for decision is, did the court err in holding that the westerly 400 feet of the Gold Hill location should be cut off? We are of the opinion that it did. The only part of the surface ground of the Gold Hill location affected by this suit is that part which is in conflict with the surface of the Black Eagle location, and therefore the court below had no jurisdiction to determine any matters with reference to any part of the location other than that embraced in such conflict. A judgment

in favor of the validity of the Gold Hill location as against the Black Eagle could only apply and be effective as to such area. Upon filing a certified copy of the judgment roll, appellant would be entitled to a patent to such area only. If he desired to acquire a patent to the remainder of his location, he would be compelled to make an original application therefor, and comply with the United States statutes and the rules and regulations of the land office. (2 Lindley on Mines, (2d Ed.) Sec. 765.)

By the judgment the Black Eagle location is denied validity, and the record does not disclose that any person claims any rights in conflict with the surface area of the Gold Hill location. Appellant is therefore *prima facie* the owner of the entire location as marked on the ground, as against every one except the United States, and if he complies with the acts of congress he has the right of possession to the entire claim, even as against the United States. If he should make application for patent upon the entire claim, the land department would have jurisdiction to inquire into the question of the extent of his location, and its determination, in the absence of fraud and bad faith on the part of its officers, would be conclusive. If it should determine to patent the entire claim to the appellant, no one not having a claim to some part of the surface included within these boundaries could be heard to object. If the land department should refuse to patent the entire surface ground, its decision in this regard would be equally conclusive. The amount of surface ground included in the location, and its character, being matters exclusively within the jurisdiction of the land department of the United States, to be exercised when application is made for patent to the claim, and the court below being without jurisdiction to determine the question of the extent of the surface location outside the area in conflict with the Black Eagle, there was error committed in the action of the court below complained of. We therefore do not consider or decide the question as to the validity or invalidity of the Gold Hill location as to any ground not in conflict with the Black Eagle location.

The judgment entered by the court below decreed that appel-

lant (Mares) was entitled to the possession of the east 1,100 feet of the Gold Hill claim, specifically describing the same. This judgment is erroneous. As said above, the only question to be tried by the court below was who, if either, of the parties was entitled to the possession of the area in conflict which is specifically described in the complaint? Under the judgment as rendered, appellant might present a certified copy of the judgment roll and demand a patent for the entire east 1,100 feet of his claim. The plat attached to the record in the case, and the description set forth in the complaint, show distinctly that the area in conflict was much less than the judgment finds appellant entitled to the possession of. In our opinion, the court below should be ordered to modify its decree so as to determine that the appellant is entitled to the possession of simply the ground in conflict, as described in the complaint.

Appellant also appealed from an order taxing costs, by which the court disallowed the following items: Ten dollars, land office fees for filing adverse in the land office; $40 paid A. S. Hovey for surveying the ground in conflict, and making a plat for the land office; and $5 paid to the county clerk for abstract of title for use in the land office. None of these items come within the provisions of Section 1866 of the Code of Civil Procedure. None of them were paid out or expended for matters to be used in the trial of the case below; all of them were paid out for the purpose of enabling appellant to complete his adverse claims filed in the land office. The money thus paid was not for the procurement of anything necessary to the maintenance of the suit, but only necessary to the filing of the adverse, which is entirely separate from and preliminary to the actual suit. All these items must therefore be disallowed.

Appellant in his notice of appeal specifies that the judgment is appealed from, and also an appeal "from said judgment as modified by the order of said district court made and entered on the 28th day of December, A. D. 1901, retaxing the costs in said action." Under the decisions of this court, an appeal does not lie from an order taxing costs, but the error, if any,

may be considered on appeal from the judgment. (*Montana Ore Purchasing Co.* v. *Boston & Montana Consol. C. & S. Mining Co.,* 27 Mont. 288, 70 Pac. 1114; *Murray* v. *Northern Pacific Ry. Co.,* 26 Mont. 268, 67 Pac. 625.)

We advise that this court direct the court below to modify the judgment appealed from, so that it may determine that the appellant is entitled to the possession of the area in conflict, and specifically describe the same as set forth in the complaint.

PER CURIAM.—For the reasons stated in the foregoing opinion, this cause is remanded to the district court with directions to modify the judgment so as to make it conform to the views expressed in the opinion, and that, when so modified, it be affirmed.